NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 14 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAMES DRISCOLL SMITH,

      Plaintiff - Appellant,

  v.

BRIAN OLVERA; JOSHUA TAYLOR;
JACOB BALLENSKY,

      Defendants - Appellees.

No. 25-1809

D.C. No.
3:23-cv-00225-ART-CLB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Anne R. Traum, District Judge, Presiding

Argued and Submitted April 21, 2026
San Francisco, California

Before: S.R. THOMAS, CHRISTEN, and FORREST, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge S.R. Thomas.

    Plaintiff-Appellant James Smith appeals from a district court summary

judgment order granting Defendant-Appellee Officer Brian Olvera[1] qualified

immunity from the excessive force claim Smith filed pursuant to 42 U.S.C. § 1983.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  [1]    Smith did not appeal the district court's dismissal of his failure-to-intervene
claims against Officers Joshua Taylor and Jacob Ballensky.

Because the parties are familiar with the facts, procedural history, and arguments, we do not detail them here except as necessary to our analysis. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's order.

We review de novo an order granting or denying a motion for summary judgment on the basis of qualified immunity. *Woodward v. City of Tucson*, 870 F.3d 1154, 1159 (9th Cir. 2017). We view the facts and draw reasonable inferences in the light most favorable to the non-moving party, *see Scott v. Harris*, 550 U.S. 372, 378 (2007), to "determine whether there are any genuine disputes as to any material facts and whether the district court correctly applied the relevant substantive law," *Woodward*, 870 F.3d at 1159.

1. The district court correctly concluded that a reasonable jury could decide that Olvera used excessive force in effectuating this arrest. Olvera did not cross-appeal, but he nonetheless urges us to conclude that his use of force was reasonable. We decline to do so.

Olvera does not dispute that he struck Smith's limbs with his baton and that one of the baton strikes broke Smith's arm. Though Smith averred that he likely lost consciousness and does not specifically remember Olvera hitting him in the head, the record includes sufficient circumstantial evidence to enable a jury to find that he did. Smith contends that he knows he was not bleeding from his face immediately after the car crash, and the body camera footage does not show blood

in his vehicle.  Both Olvera and Ballensky inventoried the car without mentioning any blood in the vehicle.  Smith alleges that he sustained a raised welt on the side of his face where two teeth were knocked out and a raised welt on his neck, both of which were consistent with baton strikes.

By using a baton, Olvera deployed intermediate force to subdue Smith, *Young v. County of Los Angeles*, 655 F.3d 1156, 1162–63 (9th Cir. 2011), but a reasonable jury could conclude that he deployed deadly force during part of the encounter because a baton blow to the head "creates a substantial risk of causing death or serious bodily injury," *Smith v. City of Hemet*, 394 F.3d 689, 693 (9th Cir. 2005) (en banc), *disapproved of on other grounds by Lemos v. County of Sonoma*, 40 F.4th 1002, 1008–09 (9th Cir. 2022) (en banc).  Construing all inferences in Smith's favor, when Olvera first struck Smith, he had exited his vehicle, was cornered by three fences, had raised his hands in a gesture of surrender, and was in the process of lowering himself to the ground at Olvera's command.  On this record, we agree with the district court that a reasonable jury could find Smith was not resisting and that Olvera deployed excessive force to subdue him.

2.  Even where excessive force is used, an officer may be entitled to qualified immunity at the ambiguous border between excessive and reasonable force.  *See Taylor v. Riojas*, 592 U.S. 7, 8–9 (2020) (per curiam).  To prevail, Smith must show that at the time of the arrest, "every reasonable official would

have understood that what [Olvera was] doing violate[d]" Smith's "clearly established" right. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (citation modified). To be clearly established, there must be existing precedent governing the use of force under similar circumstances, *see Martinez v. City of Clovis*, 943 F.3d 1260, 1275 (9th Cir. 2019), or a general constitutional rule that applies "with obvious clarity to the specific conduct in question," *Hope v. Pelzer*, 536 U.S. 730, 741 (2002). The Supreme Court has recently reemphasized that "courts generally 'need to identify a case where an officer acting under similar circumstances . . . was held to have violated' the Constitution" *Zorn v. Linton*, 607 U.S. ___, 146 S.Ct. 926, 930 (2026) (per curiam) (quoting *Escondido v. Emmons*, 586 U.S. 38, 43 (2019) (per curiam)), and that "officers receive qualified immunity unless they could have 'read' the relevant precedent beforehand and 'know[n]' that it proscribed their specific conduct," *id.* (quoting *City and County of San Francisco v. Sheehan*, 575 U.S. 600, 616 (2015) (alteration in original).

In conducting this analysis, we consider the "totality of the circumstances," although "the situation at the precise time" force is deployed "will often be what matters most." *Barnes v. Felix*, 605 U.S. 73, 80 (2025). Olvera's body camera fell to the ground after the first baton blow, but the audio of the encounter reflects that Olvera repeatedly yelled at Smith to "stop reaching" and to "stop resisting," and Smith responded that he was not resisting and his hands were behind his back.

Though we accept for purposes of this decision that Smith could prove that Olvera stuck him in the head with a baton, Smith agreed at his deposition that Olvera could have reasonably believed Smith possessed a weapon. Smith nevertheless argues that once he was face-down on the ground, any threat to Olvera's safety diminished significantly. *See Young*, 655 F.3d at 1164 (concluding that if officer hit suspect with a baton while suspect "lay face-first on the ground," the jury could readily conclude that the force used was excessive); *Hyde v. City of Wilcox*, 23 F.4th 863, 870 (9th Cir. 2022) (stating that the reasonableness of force used "may change as the circumstances evolve"). But Olvera alleges that Smith had one unrestrained hand and that during the struggle he either could not see it or it appeared to be reaching down to Smith's pocket or waistband, and the camera footage confirms that Smith's hand was free. We also consider that it was dark, Olvera was alone with Smith, and Smith had exhibited reckless conduct during the immediately preceding six-minute car chase that posed an obvious risk of danger to both the public and law enforcement—including colliding with a patrol vehicle and failing to stop after repeated orders and two PIT maneuvers. *See, e.g.*, *Plumhoff v. Rickard*, 572 U.S. 765, 776–77 (2014). The dissent correctly argues that possession of a weapon is not enough; the use of deadly force is only permissible if a suspect can "reasonably be perceived to be taking furtive or threatening actions." Diss. at 1 (citing *Sabbe v. Washington Cnty. Bd. of Commr's*,

84 F.4th 807, 827 (9th Cir. 2023)). Our difference with the dissent is narrow: it turns on Smith's concession, coupled with the uncontested circumstances surrounding this arrest and the officers' body camera footage.

The cases Smith relies upon arose from meaningfully different circumstances and do not involve a situation where officers believed the suspect possessed a weapon. *See, e.g.*, *Ballew v. City of Pasadena*, 642 F. Supp. 3d 1146, 1191 (C.D. Cal. 2022) (finding unconstitutional a prolonged beating of compliant suspect for minor traffic violation where officers had no suspicion the suspect possessed a weapon); *Torres v. Hansen*, No. 16-CV-06607, 2019 WL 4142158, at *11–12 (N.D. Cal. Aug. 30, 2019) (concluding it was clearly established law that using force against an individual who posed no threat to officer safety and did not resist arrest, was unconstitutional); *Powell v. City of Elko*, No. 3:21-CV-00418, 2024 WL 3282690, at *6–7 (D. Nev. Jan. 8, 2024) (concluding it was clearly established that an officer's continued use of force after suspect was prone and fully restrained, and not believed to be armed, was unconstitutional), *report and recommendation adopted in part, rejected in part*, No. 3:21-CV-00418, 2024 WL 3964648 (D. Nev. Aug. 28, 2024). Given Smith's concession and the surrounding circumstances, we cannot conclude that any reasonable officer would have known that striking Smith in the head with a baton was unconstitutional. *Cf. S.R. Nehad v. Browder*, 929 F.3d 1125, 1140–41 (9th Cir. 2019) (denying qualified immunity to

officer who used deadly force against an unarmed suspect, where officer in well-lit alleyway could see the suspect posed no objectively reasonable threat to the officer or the public and officer failed to give any warning or command); *see Dist. of Columbia v. Wesby*, 583 U.S. 48, 63 (2018) ("To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent.").

**AFFIRMED.**

*Smith v. Olvera*, No. 25-1809

S.R. THOMAS, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that the district court correctly concluded that a reasonable jury could decide that Olvera used excessive force in effectuating Smith's arrest. However, I respectfully disagree that the district court correctly determined at summary judgment that Olvera did not violate Smith's clearly established rights.

The district court and the majority both conclude that Olvera did not violate Smith's clearly established rights because he could have reasonably believed that Smith possessed a weapon. But—even if Olvera could have reasonably believed that was the case—this Court "ha[s] held over and over that a suspect's possession of a [weapon] does not itself justify deadly force." *Calogne v. City of San Jose*, 104 F.4th 39, 48 (9th Cir. 2024). Instead, deadly force is only permissible if the suspect could "reasonably be perceived to be taking [] furtive or threatening actions." *Sabbe v. Washington Cnty. Bd. of Comm'rs*, 84 F.4th 807, 827 (9th Cir. 2023).

Whether Smith could have reasonably been perceived to be taking such actions here is a "disputed factual issue[]" that should have "first [been] determined by the jury." *S.R. Nehad v. Browder*, 929 F.3d 1125, 1140 (9th Cir. 2019) (citation modified). While Olvera alleges that Smith appeared to be

reaching toward his pocket or waistband, Smith repeatedly said during the encounter that he was not resisting and that his hands were behind his back. The mere fact that body "camera footage confirms" that one of "Smith's hand[s] was free," does not alone establish that Smith made a furtive or threatening gesture which would justify Olvera's use of deadly force. This is especially the case at summary judgment when we "may not resolve genuine disputes of fact in favor of the party seeking summary judgment." *Tolan v. Cotton*, 572 U.S. 650, 656 (2014).

Further, an officer has a clearly established duty to "reassess use of force in an evolving situation as the circumstances change." *Hyde v. City of Wilcox*, 23 F.4th 863, 872 (9th Cir. 2022). Though an officer can use force to "end a severe threat to public safety," an officer cannot continue to use force when a suspect is "clearly incapacitated." *See Plumhoff v. Rickard*, 572 U.S. 765, 777 (2014). Whether Smith was "clearly incapacitated" at the time of Olvera's baton strikes is a "disputed factual issue[]" that should have "first [been] determined by the jury." *S.R. Nehad*, 929 F.3d at 1140 (citation modified). Even if Olvera reasonably believed that Smith initially posed a severe threat to public safety, a jury could nonetheless conclude that some of Olvera's baton strikes violated Smith's clearly established rights if—as Smith alleges—Smith was already incapacitated at that time.

For these reasons, I respectfully dissent in part.